IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**KEITH M. SHANKLIN,**
      **Plaintiff,**

vs.                          Case No. 3:06cv276/MCR/MD

**JOHN D. SNELL, ESQ., et al.,**
      **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis* (doc. 10), has filed a second amended civil rights complaint pursuant to 42 U.S.C. §1983 (doc. 20). Upon review of the complaint, the court concludes that plaintiff has not presented an actionable claim and that dismissal of this case is warranted.

Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiff can

prove no set of facts that would entitle him to relief.  *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997).  Upon review of plaintiff's second amended complaint, the court concludes that it does not present an actionable claim.

Plaintiff is an inmate confined at Franklin Correctional Institution, a state penal facility located in Carrabelle, Florida.  Named as defendants in his second amended complaint are John David Snell, Public Defender; the Law Office of Jack Behr, Public Defender; and the Law Office of William B. Eddins, State Attorney (doc. 20, p. 2).  Plaintiff challenges his conviction and sentence entered in the Circuit Court of Okaloosa County, Florida in case numbers 05-1831, 05-2298 and 05-2299.  Specifically, he contends that particular terms of the plea agreement upon which his conviction is based violates his Fifth Amendment right against self-incrimination.  Plaintiff further asserts that his public defender Mr. Snell violated his right against self-incrimination when he acknowledged plaintiff's guilt in a letter to the trial judge concerning sentencing.  As relief, plaintiff seeks monetary damages and immediate release.

Although plaintiff filed his complaint pursuant to 42 U.S.C. § 1983, he seeks, at least in part, relief in the nature of habeas corpus--he claims he is illegally incarcerated as a result of the alleged unconstitutional conduct and seeks immediate release.  The Supreme Court stated in *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."  Thus, when a state prisoner, though asserting jurisdiction under the Civil Rights Act, is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from such imprisonment, his sole federal remedy is a writ of habeas corpus.  *Preiser*, 411 U.S. at 500, 93 S.Ct. at 1841.  Regardless of the label plaintiff may place on this action, in order to challenge the validity of his conviction and sentence on the grounds that his constitutional rights

have been violated, he must pursue his claims through habeas corpus after exhausting his state judicial remedies. *Prather v. Norman*, 901 F.2d 915, 918-19 n.4 (11th Cir. 1990) (per curiam); *McKinnis v. Mosley*, 693 F.2d 1054, 1057 (11th Cir. 1982).

As to plaintiff's claims for monetary damages for the alleged unconstitutional conduct which led to his conviction and sentence, based upon the Supreme Court decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), dismissal of this case is warranted. The Court in *Heck* stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 487, 114 S.Ct. at 2372. Absent such an invalidation, the section 1983 suit must be dismissed. *Id*. Here, were the court to make a determination in plaintiff's favor (finding that plaintiff's conviction and sentence are predicated upon violations of his Fifth and Sixth Amendment rights, *i.e.,* his rights against self-incrimination and to effective assistance of counsel) it would call into question the validity of his conviction and sentence. It is clear from the face of the complaint that plaintiff has not obtained an invalidation of his conviction. Therefore, these claims should be dismissed without prejudice to their refiling in the event plaintiff obtains an invalidation of his conviction through habeas corpus or other avenues.

Accordingly, it is respectfully RECOMMENDED that this cause be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, and that the Clerk be directed to close the file.

At Pensacola, Florida this 22nd day of November, 2006.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**